Opinion on petition to rehear.
This is an application for a rehearing. If the facts are assumed to be as stated by the defendant’s counsel, he is unquestionably right in his conclusions.
*500 But we interpreted them differently upon the question of the statute of limitations upon the evidence in the record. We cited former adjudications of this court, holding that the statute of limitations ceased to* operate upon the closing of the courts.
We referred to the evidence showing the time at which the circuit and chancery courts of the county in which the parties to this cause lived, were in fact closed, and upon the facts thus ascertained, we held that the statute ceased to run at a given time, and that before it agaiu began to run it was further suspended until the 1st of January, 1867, by the act of Í865.
Then we held that the suggestion of the insolvency of the estate, in March, 1867, further suspended its operation, and that the filing of the claims in the county court, before two years from the death of intestate preserved them from its bar until the filing of the bill in this case.
It was not necessary to this result that the bill and answer should have made a distinct issue as to' the facts of such suggestion. It was so alleged, and was uneontro-verted, and as a fact, as we concluded, established by proof. The saving the bar of the statutes might have been established by any evidence sufficient for the purpose, whether denied cr not by the answer.
The bill charges the .existing indebtedness; the answer denies it, and relies upon the statute of limitations. The years of the statute had passed, but defendants: or complainants might show by evidence any fact or law .which would tend to support his claim. And complainant may show his claim not barred, whether it be that the statute was suspended by the closing of the courts, or by having filed his claim in court, or suit brought thereon in due time.
We are of opinion that the conclusions in the case heretofore announced are correct, and dismiss the petition for rehearing.